UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR ARQUIMEDES ARROYAVE-MARIN,<br><br>Defendant. | Case No.: 18-cr-01924-GPC<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 67.]** |

Defendant Oscar Arquimedes Arroyave-Marin ("Arroyave-Marin") has filed a motion seeking compassionate release or reduction of his sentence under 18 U.S.C. § 3582(c). ECF No. 67. The Government opposes. ECF No. 70 ("Opp."). For the reasons that follow, Arroyave-Marin's motion is DENIED.

**I.   BACKGROUND**

Arroyave-Marin was convicted by guilty plea of one count of Conspiracy to Distribute Cocaine Intended for Unlawful Importation in violation of 21 U.S.C. §§ 959, 952, and 960. ECF Nos. 38, 59. Arroyave-Marin was sentenced to a term of imprisonment of 50 months. ECF No. 59. Arroyave-Marin is serving his sentence at the privately-run Reeves County Detention Center ("Reeves"). ECF No. 67 at 12. Arroyave-Marin has served about 32 months, or approximately two-thirds of his sentence, and

1

Arroyave-Marin states that his projected release date is in October 2021. *Id.* at 1, 11; Opp. at 2.

Arroyave-Marin is 44 years old and, at least prior to his incarceration, was in good health. ECF No. 46 ("Presentence Investigation Report" or "PSR) at 2, 9. Since August 5, 2020, Arroyave-Marin contends that he "suffered harshly" and "hasn't felt the same." ECF No. 67 at 5. Arroyave-Marin maintains that "he has recently been exposed and infected with COVID-19." *Id.* at 1. According to the facility administrator of Reeves, on September 8, 2020, Arroyave-Marin tested negative for COVID-19, although Arroyave-Marin contends that facility staff did not test him until after he was sick in early August and that he and others detained at the facility were not given access to their test results. *Id.* at 4, 14. Arroyave-Marin points to Reeves' inadequate safety precautions that further endanger its inmates through increased exposure risk to COVID-19. *Id.* at 10. Arroyave-Marin does not argue that he has conditions that qualify as factors identified by the Centers for Disease Control and Prevention ("CDC") that heighten the risk of severe injury or death if he were to contract COVID-19.

On November 30, 2020, Arroyave-Marin filed the instant motion. ECF No. 67. On December 14, 2020, the Government filed a response. Opp.

## II.   DISCUSSION

Arroyave-Marin moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or

> without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are two questions before the Court: first, whether Arroyave-Marin has satisfied the administrative exhaustion requirement, and second, whether Arroyave-Marin has demonstrated extraordinary and compelling reasons for a sentence reduction.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, "amends numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)).  One of the changes resulting from the Act is that it "allows defendants, for the first time, to petition district courts directly for compassionate release." *Id*.  As one district court recently explained:

> The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner. . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A).  *See, e.g.,* First Step Act, PL 115-391, 132 Stat 5194, 5239 (titling the subsection amending § 3582, "Increasing the Transparency and Use of Compassionate Release"); 164 Cong. Rec. S7314- 02, 2018 WL 6350790 (Dec. 5, 2018) (statement by Senator Cardin, cosponsor of the First Step Act, noting that its

purpose was to "expand[s] compassionate release" and "expedite[] compassionate release applications").

*United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020); *see also United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) ("[O]ne of the express purposes of the First Step Act was to increase the use and transparency of compassionate release.").

### A.   Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement requiring a defendant to fully exhaust all administrative rights to appeal before a defendant may move the court for release. The Government concedes that Arroyave-Marin has met the exhaustion requirement by filing this motion after the 30-day lapse from the time he presented a request for compassionate release to the warden of his facility. Opp. at 8. The Court therefore turns to the merits of Arroyave-Marin's motion.

### B.   Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that:

(1) (A) Extraordinary and compelling reasons warrant the reduction; or

. . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

Application Note 1 to this Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction,

including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons."  The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.

Arroyave-Marin claims that his health is at extreme risk without pointing to any underlying conditions, much less CDC factors, for increased risk of severe injury or death.  *See* Ctrs. for Disease Control and Prevention, *People Who Are at Higher Risk for Severe Illness* (Jan. 4, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (identifying underlying medical conditions that increase the risk of severe illness from COVID-19 such as asthma, high blood pressure, serious heart conditions).  Instead, Arroyave-Marin points to the failure of the Bureau of Prisons' ("BOP") to adequately protect the prison population from the general increased risk of COVID-19 exposure.  ECF No. 67 at 8–11.  The Government argues that Arroyave-Marin's risk of exposure to COVID-19 alone does not constitute an "extraordinary and compelling" reason to justify his release.  Opp. at 17.

The Court finds that Arroyave-Marin has not met the burden of presenting "extraordinary and compelling" reasons to justify his release.  While the Court notes that scientific knowledge about the risks associated with underlying medical conditions and an individual's increased susceptibility of severe illness from COVID-19 is constantly evolving, Arroyave-Marin has not identified any health condition that puts him at risk of serious illness should he contract COVID-19.  The Court recognizes that identifying what constitutes an intolerable risk in this situation is a fraught exercise.  But based on the facts of this case, Arroyave-Marin does not suffer from any health condition that substantially diminish his ability to recover in a correctional facility sufficient to justify his release.  Although Arroyave-Marin contends conditions at Reeves fail to adequately

ensure the inmates' safety during this pandemic, he has not explained how the facility's failings place him at a risk of severe illness that would justify his release under the extraordinary and compelling reasons standard.

Because Arroyave-Marin has failed to demonstrate the threshold requirement of extraordinary and compelling reasons justifying his release, the Court does not reach the sentencing factors set forth in Section 3553(a).

### III.   CONCLUSION

For the reasons set forth above, the Motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED.**

Dated:  February 3, 2021

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge